No. 14-5297

**FILED**
Jun 09, 2014
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| VALERIA TANCO and SOPHIE JESTY; IJPE DEKOE and THOMAS KOSTURA; JOHNO ESPEJO and MATTHEW MANSELL, ) ) ) ) Plaintiffs-Appellees, ) ) v. ) ) WILLIAM EDWARD "BILL" HASLAM, as Governor of the State of Tennessee, in his official capacity; LARRY MARTIN, as Commissioner of the Department of Finance and Administration, in his official capacity; ROBERT COOPER, as Attorney General and Reporter of the State of Tennessee, in his official capactity, ) ) ) ) ) ) ) ) ) ) Defendants-Appellants. ) | O R D E R |

Article XI, section 18 of the Tennessee Constitution and Tennessee Code Annotated § 6-3−113 prohibit the recognition in Tennessee of same-sex marriages legally entered into in other states. Defendants, the Governor of the State of Tennessee and other state officials, appeal a district court order preliminarily enjoining the enforcement of this prohibition against the six plaintiffs, who are three same-sex couples legally married outside of Tennessee who sought to have their marriages recognized in Tennessee. Chris Sevier moves to intervene in the appeal to challenge these provisions to the extent they prohibit him from marrying his computer.

No. 14-5297
-2-

We may grant a motion to intervene as a matter of right, Fed. R. Civ. P. 24(a), or as a matter of discretion, Fed. R. Civ. P. 24(b). Under either subsection, the motion for intervention must be timely. *Blount-Hill v. Zelman*, 636 F.3d 278, 283 & 287 (6th Cir. 2011). In evaluating timeliness, we consider: (1) the point to which the suit has progressed; (2) for what purpose intervention is sought; (3) the length of time preceding the motion during which the Intervenors knew or reasonably should have known of their interest in the case; (4) the prejudice to the original parties due to the Intervenors' failure to seek intervention sooner after recognizing their interest was implicated; and (5) any unusual circumstances weighing for or against intervention. *See id.* at 284. Having reviewed these factors, we conclude that Sevier's motion is untimely.

The motion to intervene is **DENIED**.

                                                       ENTERED BY ORDER OF THE COURT

                                                        Deborah S. Hunt, Clerk